[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: August 23, 2000 Date of Application: August 28, 2000 Date Application Filed: August 30, 2000 Date of Decision: October 23, 2001
Application for review of sentence imposed by the Superior Court, G. A. 14, at Hartford.
Docket Number CR 00-541036.
Linda Babcock, Defense Counsel, for Petitioner
Victor Carlucci, Jr., Assistant State's Attorney, for the State.
 BY THE DIVISION
The then 36 year old petitioner, after pleading guilty to a charge of risk of injury (§ 53-21 (1), was sentenced to a term of 10 years, execution suspended after 3 1/2 years, with probation for 5 years.
In this case the petitioner picked up his 11 year old daughter at approximately nine p.m. on November 21, 1999 for a weekend visit. After stopping at a strip bar in East Hartford and leaving the daughter in the car for about thirty minutes, he returned and began to drive toward Hartford. He began to question the child about sexual matters, making her uncomfortable. He then pulled up to a prostitute and had a conversation with her. Thereupon he and the prostitute entered the rear seat of the car where he had the prostitute perform oral sex. He then had vaginal sex with her all the while his daughter remained in the front seat. He and the victim then left the area and he asked her "what do you think of $10 CT Page 15941-b worth?" The girl reported this to her mother when she returned home and Ward was arrested.
The petitioner's criminal record consists of assaults, larcenies, failure to appear and possession of narcotics — approximately eight felony convictions with various sentences from ten months to four years of incarceration being imposed.
He claims that his actions were intended to show the victim the dangers of promiscuous sex and that it could lead to a life style of prostitution. He denies any intent to molest his daughter, but does acknowledge it was not an appropriate way to teach her the lesson he wanted to make.
It is difficult to pass this incident off as merely due to inappropriate parenting. This is abhorrent behavior which clearly put the child at risk of having her health or morals impaired, and she suffered emotionally even if not physically.
It is also significant that, while the case was pending Ward initiated sex offender counseling with William Hobson at Valley Counseling. He was seen on four occasions, but cancelled four other appointments. Mr. Hobson an experienced counselor in the field found he was a medium risk to reoffend.
In view of his criminal history (which also included failures of probation), the rather depraved nature of the offense, and the less than positive risk assessment, a moderate period of incarceration was well within the reasonable sentencing parameters and discretion of the court.
The Division can only reduce a sentence if it is inappropriate or disproportionate pursuant to the provisions of § 43-28 of the Practice Book.
This sentence is neither. It is affirmed.
Klaczak, J.
Norko, J.
Miano, J.
Klaczak, Norko and Miano, J.s, participated in this decision. CT Page 15941-c